UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUDY WETHINGTON, et al., | : | Case No. C-1-01-441 |
| | : | |
| Plaintiffs, | : | Judge Spiegel |
| | : | |
| vs. | : | |
| | : | |
| PURDUE PHARMA, L. P., et al., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY MEMORANDUM IN RESPONSE TO
PURDUE DEFENDANTS' OPPOSITION TO PLAINTIFFS
SUBMISSION OF NEW EXHIBITS IN SUPPORT OF MOTION FOR
CLASS CERTIFICATION**

**INTRODUCTION AND BACKGROUND**

Plaintiffs, one week prior to the August 12, 2003 class certification hearing, submitted two exhibits in support of class certification. The exhibits consist of an unsolicited Affidavit from the Corporate Director of Health Alliance pharmacies and a summary of medical reports that the Purdue Defendants produced during discovery. The Purdue Defendants belatedly opposed admission of the exhibits. Purdue requests that the Court deny "Plaintiffs' Motion" to submit the exhibits. Plaintiffs, however, did not file a motion to submit the exhibits because a motion was unnecessary. The exhibits, similar to the exhibits filed earlier in support of class certification,

were part of Plaintiffs' Rule 23 submission that did not require the filing of a separate motion.

## ARGUMENT

I. **THE COURT PROPERLY SHOULD CONSIDER THE EXHIBITS WHEN IT DECIDES THE MOTION FOR CLASS CERTIFICATION**

    A. **The Trial Court may not consider the merits when it decides whether to certify the class**

Purdue opposes consideration of the two exhibits because the exhibits demonstrate the common experiences of class members and Defendants' common conduct when they marketed Oxycontin. Purdue challenges the exhibits by suggesting that the exhibits cannot prove the merits of Plaintiffs' underlying claims. According to Purdue, the exhibits will not prove "that the proposed class members have actual claims against Purdue…." Purdue Opposition at 9.

The law governing class certification does not support Purdue's argument. Plaintiffs, at the class certification stage, are not required to prove whether they ultimately will succeed. **"**The court may not go so far, of course, as to judge the validity of these claims. "Although some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage." *Moore v.*

2

*Hughes Helicopters, Inc.,* 708 F.2d 475, 480 (9th Cir.1983), citing *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974**)." Staton v. Boeing Co.** 327 F.3d 938, 954 (9th Cir. 2003). This Court, therefore, should consider the exhibits as long as the Court determines that the exhibits will help the Court decide whether to certify the case as a class action.

**B.     Marianne Ivey's Affidavit appropriately is before the court**

Marianne Ivey is Corporate Director of the Health Alliance Pharmacies. ¶1, Ivey Affidavit attached to Plaintiffs' submission of exhibits. Ms. Ivey in her capacity as Corporate Director of Health Alliance pharmacies observed "the dramatic increase in Oxycontin" and concluded, "that the marketing/detailing practices of the manufacturer were misleading." ¶5, Ivey Affidavit attached to Plaintiffs' submission of exhibits.

Ms. Ivey's clearly possesses the necessary qualifications to observe whether the manufacturer's marketing/detailing was misled Health Alliance personnel. First, Ms. Ivey has first hand experience because the department that she ran determined that the practices were misleading. Additionally, Ms. Ivey's professional and academic background clearly demonstrates that she

3

has the necessary "knowledge, skill, experience, training or education." F.R.E. 702.

Finally, aside from her qualifications as an expert, Ms. Ivey's observations and her department's conduct in response to its conclusions, at a minimum, raises common issues related to the marketing and detailing of Oxycontin. Thus, the Affidavit sufficiently is probative on issues related to class certification so that the court should consider the affidavit.[1]

### C. Plaintiffs' Summary of Medical Reports Properly may be considered for purposes of class certification

Plaintiffs' summary of medical reports demonstrates that the complaints of the class representatives are consistent and typical of the complaints that Purdue received throughout the class period. The summary establishes that Purdue knew that Oxycontin recipients were complaining of addiction, dependence and the other symptoms and injuries for which the class representatives seek compensation and medical monitoring.

Purdue challenges the admissibility of the summary primarily by arguing that Rule 403 bars the introduction of the exhibits to prove

---

[1] Interestingly, Purdue relies on hearsay news accounts to counter Ms. Ivey's sworn statement. The news accounts, however, support class certification. The February 21, 2003 Cincinnati Enquirer article attached as Exhibit "D" demonstrates that Purdue and Abbott failed to disclose to doctors the dangers of Oxycontin. "'I think [the Alliance's action in limiting Oxycontin] is a positive step', said Sgt. Kerry Rowland, commander of the Cincinnati Police Division's Pharmaceutical Division Squad. 'The biggest thing is to make doctors aware of how serious this problem is.'"

causation. First Plaintiffs are not submitting the exhibit merely to establish causation. The exhibit demonstrates that many members of the class are experiencing common symptoms. Second, the issue of causation is a merits issue and not ripe for consideration at this stage of the proceedings.

Additionally, in ***In re: Norplant***, MDL No. 1038, 1997 WL 80527, the principal authority that Purdue relies upon, the trial court excluded the reports due to potential jury confusion. Here, jury confusion is not an issue. Also, in ***Norplant***, the trial court noted that the reports are at a minimum "marginally probative." *Id*. at *1. At this stage of the litigation, where the merits are not an issue, this Court certainly is permitted and should be encouraged to consider exhibits that the Defendant must acknowledge have some probative value.

In the ***Bendectin Litigation***, the trial court, when considering the merits at trial, expressly admitted similar reports into evidence. "From a review of the record, it is clear that both the DERs [Drug Experience Reports] themselves as well as testimony referring to the DERs were permitted" ***In re Richardson-Merrell, Inc. Bendectin Products Liability Litigation***, 624 F.Supp. 1212, 1233 (S.D. Ohio 1985) ***affirmed In re Bendectin Litigation***, 857 F.2d 290 (6th Cir 1988) ***Certiorari Denied by***

*Hoffman v. Merrell Dow Pharmaceuticals, Inc.,* 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989).

In addition to being clearly relevant, Plaintiffs' summary comports with the requirements of Federal Rule of Evidence 1006. Plaintiffs created the summary from the voluminous adverse reports that Purdue produced. The Court would experience great inconvenience if Plaintiffs reproduced thousands of pages of reports and asked that the Court review the documents. Additionally, the defendants have access to the underlying material because Plaintiffs received the material from Purdue. Thus, Plaintiffs satisfy the requirements for a summary. *See* F.R.E. 1006.

## CONCLUSION

For the reasons contained in this memorandum, the Court should consider Ms. Ivey's affidavit and Plaintiffs' Summary when the Court decides whether to certify matter as a class action.

Respectfully submitted,

/s/ Terrence L.Goodman
Stanley M. Chesley (0000852)
WAITE, SCHNEIDER, BAYLESS,
   & CHESLEY CO., L.P.A.
1513 Central Trust Tower
Cincinnati, OH 45202
(513) 621-0267
Fax: (513) 381-2375

Of Counsel:

Carl Frankovich, Esq.
FRANKOVICH, ANETAKIS, COLANTONIO & SIMON
337 Penco Road
Weirton, West Virginia 26062
(304) 723-4400
Fax: (304) 723-5892

C. David Ewing, Esq.
GARDNER, EWING & SOUZA
462 S. 4th Avenue, #1600
Louisville, Kentucky 40202
(502) 585-5800
Fax: (502) 585-5858

Scott J. Frederick, Esq.
Law Offices of Scott J. Frederick, LLC
304 North Second Street
Hamilton, Ohio 45011
(513) 737-5100
Fax: (513) 785-3625

James E. Swaim, Esq.
FLANAGAN, LIEBERMAN, HOFFMAN & SWAIM
318 West Fourth Street
Dayton, Ohio 45402
(937) 223-5200
Fax: (937) 223-3335

William J. Gallion, Esq.
WILLIAM J. GALLION & ASSOCIATES
163 East Main Street, Suite 401
Lexington, Kentucky 40507
(859) 381-9903
Fax:  (859) 381-9933

Shirley Allen Cunningham, Jr., Esq.
CUNNINGHAM & GRUNDY LAW GROUP
3101 Richmond Road, Suite 304
Lexington, Kentucky 40509
(859) 268-9223
Fax: (859) 266-9283

David L. Helmers, Esq.
DAVID L. HELMERS & ASSOCIATES
163 East Main Street, Suite 300
Lexington, Kentucky 40507
(859) 252-2927
Fax: (859) 252-2928

Ira E. Branham, Esq.
P.O. Box 1499
Pikeville, Kentucky 41502
(606) 432-2704
Fax: (606) 433-1436

Robert T. Dassow, Esq.
Nicholas C. Deets, Esq.
HOVDE LAW FIRM
One Meridian Plaza
10585 N. Meridian Street, Suite 205
Indianapolis, IN 46290
(317) 818-3100
Fax: (317) 818-3111

Ruskin C. Foster, Esq.
T. English McCutchen, Esq.
MCCUTCHEN BLANTON JOHNSON
    & BARNETTE, LLP
1414 Lady Street
P.O. Box Drawer 11209
Columbia, SC 29211-1209
(803) 799-9791
Fax: (803) 253-6084

J. Preston Strom, Jr., Esq.
STROM LAW FIRM LLC
1500 Main Street
Suite 700
Columbia, SC 29201
(803) 252-4800
Fax: (803) 252-4801

## CERTIFICATE OF SERVICE

I certify that a copy of Plaintiffs' Reply Memorandum in Support of Submission of New Exhibits in Support of Motion for Class Certification was served by First Class United States Mail, postage prepaid, on the following counsel for Defendants this *8th* day of September 2003:

David Cupps, Esq.
VORYS, SATER, SEYMOUR
AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43215-1008
(614) 464-6400
Fax: (614) 464-6350

Daniel J. Buckley, Esq.
Phillip J. Smith, Esq.
VORYS, SATER, SEYMOUR
AND PEASE LLP
Suite 2100, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio 45201-0236
(513) 723-4000
Fax: (513) 723-4056

Joseph P. Thomas, Esq.
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 762-6204
Fax: (513) 762-6250

Paul F. Strain, Esq.
M. King Hill, III
VENABLE, BAETJER & HOWARD, LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201-2978
(410) 244-7400
Fax: (410) 224-7742

/s/ Terrence L. Goodman
Terrence L. Goodman