**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JUDY WETHINGTON, *et al.*, | : | |
| | : | Case No. 1:01cv441 |
| Plaintiffs, | : | |
| | : | Judge S. Arthur Spiegel |
| v. | : | |
| | : | |
| PURDUE PHARMA, L.P., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PURDUE DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SUBMISSION OF**
**NEW EXHIBIT IN SUPPORT OF MOTION FOR CLASS CERTIFICATION (DOC. 114)**

Defendants Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick

Company, Purdue Pharmaceuticals L.P., The P.F. Laboratories, Inc., and PRA Holdings Inc.

(collectively, "Purdue") respectfully move that the Court strike Plaintiffs' Submission of New

Exhibit in Support of Motion for Class Certification (Doc. 114) filed with the Court on

September 8, 2003.  A memorandum in support is attached.

Respectfully submitted,

s/ David S. Cupps by s/Phillip J. Smith
David S. Cupps Bar Number 0017002
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio  43216-1008
(614) 464-6400
(614) 464-6350 (Facsimile)
E-mail:dscupps@vssp.com

Attorney for Defendants,
Purdue Pharma L.P., Purdue Pharma Inc.,
The Purdue Frederick Company,
Purdue Pharmaceuticals L.P.,
The P.F. Laboratories, Inc., and PRA Holdings, Inc.

-2-

**OF COUNSEL:**

Daniel J. Buckley        (0003772)
Phillip J. Smith         (0062942)
VORYS, SATER, SEYMOUR AND
  PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail:djbuckley@vssp.com
        pjsmith@vssp.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUDY WETHINGTON, *et al.*, | : | |
| | : | Case No. 1:01cv441 |
| Plaintiffs, | : | |
| | : | Judge S. Arthur Spiegel |
| v. | : | |
| | : | |
| PURDUE PHARMA, L.P., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF PURDUE DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' SUBMISSION OF NEW EXHIBIT
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION (DOC. 114)**

Once more, plaintiffs have filed a new exhibit of no evidentiary value whatsoever, months after briefing on the motion for class certification concluded. This Court should not countenance plaintiffs' latest effort to pollute the record with documents that are not—and cannot be—evidence. Rather, this Court should strike plaintiffs' new exhibit from the record.

Plaintiffs' submission consists of an unsigned copy of a complaint filed on behalf of a former Purdue employee in a Connecticut case in which Purdue's time to respond has not yet passed. The unsworn, unverified allegations of the complaint are inadmissible hearsay. *See* Fed. R. Evid. 801(c), (d); 802. The complaint's allegations are not encompassed within any exception under Rule 803.

Having failed to provide any credible evidence for their allegations of a product defect during briefing or argument, plaintiffs should not now be permitted to slip into the record, long after the close of briefing, an attorney's unsworn, hearsay allegations masquerading as "evidence," particularly not in view of the "rigorous analysis" of the class certification motion

this Court is required to undertake.[1]  After repeatedly changing their class definitions and their

theories of certification, plaintiffs have had abundant opportunity to present argument and

evidence to this Court.  Briefing and argument having concluded, no further changes should be

permitted, and the record should be closed.  On this ground too, this Court should strike the "new

exhibit" from the record altogether.

In any event, plaintiffs do not and cannot allege that the issues raised in the

unsworn Zakrzewski complaint in any way alter the overwhelming predominance of individual

issues that preclude class certification in this case.  Indeed, plaintiffs contend in their submission

only that the complaint creates an issue as to whether the use of oxycodone[2] in OxyContin "*can*

*contribute* to 'overdosing and *potentially lead* to addiction.' "  (Emphasis added).  As that

description implicitly recognizes, the issue of addiction is dependent upon many factors, and

addiction needs to be evaluated individual by individual.  *See* Doc. 68, Covington Aff. at ¶ 20

(existence of addiction requires "highly individualized" and "detailed clinical evaluation," and

---

[1]   "Ultimately, the class may only be certified if, 'after a rigorous analysis,' the district court is satisfied that these prerequisites have been met. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The burden is on the plaintiff 'to establish his right' to class certification. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir.1976)." *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003) (upholding the district court's determination that plaintiff failed to meet his burden of demonstrating his right to class treatment).

[2]   Plaintiffs, taking their lead from the underlying complaint, artfully discuss the use of one of OxyContin's ingredients, Oxycodone HCl, not the use of OxyContin.  Taken as prescribed (i.e., as approved by the FDA), OxyContin has been shown to be safe and effective, a matter as to which the FDA has not retreated.  Indeed, while the complaint alleges that plaintiff Zakrzewski raised "potential" safety issues with the FDA (¶ 44), the FDA has taken no action in response.  In fact, the FDA's Anesthetic & Life Support Drugs Advisory Committee met on September 9, 2003, and declined to change the indications for OxyContin. *See Modified-Release Opioids Should Continue To Be Used For Appropriate Moderate Pain Patients, Cmte. Says*, <http://www.fdaadvisorycommittee.com/FDC/AdvisoryCommittee/Committees/Anesthetic+and +Life+Support+Drugs/090903_opiateRiskmgmt/090903_OpiateR.htm> (Sept. 9, 2003) (copy attached).

-3-

determination of "whether such conditions arise from having been prescribed OxyContin requires evaluation of a detailed clinical record.")

In short, the only question before this Court is whether to certify the class plaintiffs have requested. This hearsay complaint does not bear on that question. For all these reasons, this Court should strike the plaintiffs' "new exhibit."

Respectfully submitted,

s/ David S. Cupps by s/Phillip J. Smith
David S. Cupps Bar Number 0017002
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio  43216-1008
(614) 464-6400
(614) 464-6350 (Facsimile)
E-mail:dscupps@vssp.com

Attorney for Defendants,
Purdue Pharma L.P., Purdue Pharma Inc.,
The Purdue Frederick Company,
Purdue Pharmaceuticals L.P.,
The P.F. Laboratories, Inc., and PRA Holdings, Inc.

**OF COUNSEL:**
Daniel J. Buckley       (0003772)
Phillip J. Smith        (0062942)
VORYS, SATER, SEYMOUR AND
 PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail:djbuckley@vssp.com
       pjsmith@vssp.com

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Stanley Morris Chesley**
stanchesley@wsbclaw.cc

**Terrence Lee Goodman**
terrygooodman@wsbclaw.com

**Renee Ann Infante**
ReneeInfante@wsbclaw.cc

**James F. Keller**
jfk@zgottesmanlaw.com

**Joseph P. Thomas**
jthomas@ulmer.com
tthomson@ulmer.com
csteele@ulmer.com

I further certify that I have mailed by regular U.S. mail, postage prepaid, the foregoing to the following non-CM/ECF participants:

**Carl N. Frankovitch**
**Michael G. Simon**
Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062

**Paul Farrell Strain**
**M. King Hill**
Venable Baetjer & Howard LLP
PO Box 5517
210 Allegheny Avenue
Towson, MD 21204

**Louise Malbin Roselle**
Waite Schneider Bayless & Chesley Co LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

**Shannon Jo Cook**
Ulmer & Berne LLP - 1
2800 Cincinnati Commerce Center
600 Vine Street
Cincinnati, OH 45202-2409

**Charles David Ewing**
Gardner, Ewing & Souza
1600 Meidinger Tower
462 S Fourth Ave
Louisville, KY 40202

**Ruskin C. Foster**
McCutchen Blanton Johnson & Barnette LLP
1414 Lady Street
PO Box Drawer 11209
Columbia, SC 29211-1209

**Scott J. Frederick**
304 North Second Street
Hamilton, OH 45011

**T. English McCutchen**
McCutchen Blanton Johnson & Barnette LLP
1414 Lady Street
PO Box Drawer 11209
Columbia, SC 29211-1209

-4-

-5-

**J. Preston Strom**
Strom Law Firm LLC
1501 Main Street
Suite 700
Columbia, SC 29201

**James Edwin Swaim**
Flanagan Lieberman Hoffman & Swaim
318 W Fourth Street
Dayton, OH 45402

s/ Phillip J. Smith
Phillip J. Smith Bar Number: 0062942
 VORYS, SATER, SEYMOUR AND
  PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail: pjsmith@vssp.com

-5-