UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUDY WETHINGTON, et al. | * | |
| Plaintiffs | * | Case No. 1:01-cv441 |
| v. | * | Judge S. Arthur Spiegel |
| PURDUE PHARMA LP, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

ABBOTT DEFENDANTS' OPPOSITION TO PLAINTIFF WETHINGTON'S
MOTION TO RECONSIDER ORDER DENYING CLASS CERTIFICATION

Abbott Laboratories and Abbott Laboratories, Inc. ("Abbott"), by their undersigned counsel, oppose Plaintiff Wethington's Motion to Reconsider Order Denying Class Certification, and say:

1. The Court carefully and thoroughly evaluated plaintiff's Motion seeking class certification, analyzed the facts, the allegations and claims and the applicable law, and denied certification. The Court correctly applied the law and made the correct analysis; no reason has been shown to modify or change the Court's decision.

2. The Court's Order denying class certification was based on the Court's conclusion that "each of the claims depended on questions of fact and law peculiar to each individual" (Opinion at 23), the conclusion "that the harm allegedly suffered by each class member may be due to a number of individual factors" (id. at 24), the conclusion that "[l]iability…turns on individual determinations" (id. at 26) and that "Plaintiffs' proposed common issues are either individualized in nature, or, when premised upon

Defendants' conduct, are trumped by the existence of individual Learned Intermediaries." Id. Nothing submitted by plaintiffs in support of their request for reconsideration even arguably addresses or responds to these conclusions: plaintiffs have only submitted two additional proposed common issues—which would, for the reasons clearly articulated by the Court in its Order, similarly be "trumped" by the individual considerations and the Learned Intermediary Doctrine.

3. The Court did not impermissibly delve into the merits of the underlying claims, as plaintiffs now assert; see Memorandum in support at 10-11. The Court properly examined whether the requirements of Rule 23 were met, and concluded they were not. Plaintiffs cite Eisen v. Carlisle & Jacqueline, 417 U.S. 156 (1974), but subsequent Supreme Court decisions have effectively superseded that case; see, e.g., General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982) ("[I]t may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."); Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 n.12 (1978) ("Evaluation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims."). The Court properly followed these later cases.

4. Under Rule 23(c)(1), an amendment of an order denying class certification is appropriate only where changed circumstances warrant such a modification. "Rule 23(c)(1) merely authorizes amending the certification order on the basis of new facts that emerge during the course of litigation…." Isaacs v. Sprint Corp., 261 F.3d 679, 682 (7th Cir. 2001); see also Williams v. Tennessee Valley Auth., 552 F.2d 691, 698 (6th Cir. 1977) (Engel, J., concurring in part and dissenting in part). Plaintiff filed for

2

reconsideration only 30 days after entry of the certification order, and no new developments in this case have occurred.

5. The five exhibits submitted by plaintiffs do not support reconsideration. Exhibits D and E (FDA materials dated January 17, 2003 and July 25, 2001, respectively) were previously submitted by plaintiffs as exhibits to their Reply, filed April 14, 2003, and thus were already before the Court. Exhibit C, an FDA summary on Diversion and Abuse dated October 2003, does not mention or refer to Abbott, and does not support any asserted claim against Abbott.[1] Exhibit B, a so-called "whistleblower" complaint against Purdue, does not mention or refer to Abbott. Thus, none of the "new" information offered by plaintiffs permits them to argue that they have or could now sustain any claim against Abbott.

6. Abbott additionally adopts and relies upon the Memorandum submitted by the Purdue defendants.

Respectfully submitted,

s/ Joseph P. Thomas
Joseph P. Thomas (Ohio Reg. 0040379)
**Trial Attorney for Defendants**
**Abbott Laboratories and**
**Abbott Laboratories, Inc.**
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 762-6204
(513) 762-6250 (FAX)
E-mail: jthomas@ulmer.com

---

[1] Citing page 8 of the DEA report, plaintiffs assert, see Memorandum in Support at 7, that the DEA report contains comments about Abbott. This is an apparent misstatement, as neither page 8 nor any other page refers to Abbott.

Of Counsel:
Paul F. Strain
M. King Hill, III
Venable, LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland  21201-2978
(410) 244-7400

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Stanley M. Chesley, Esq.
stanchesley@wsbclaw.cc

Renee Ann Infante, Esq.
reneeinfante@wsbclaw.cc

Terrence L. Goodman, Esq.
terrygoodman@wsbclaw.com

James F. Keller, Esq.
jfk@zgottesmanlaw.com

**Attorneys for Plaintiffs**

David S. Cupps, Esq.
dscupps@vssp.com

Daniel J. Buckley, Esq.
djbuckley@vssp.com

Phillip J. Smith, Esq.
pjsmith@vssp.com

Anthony L. Osterlund, Esq.
alosterlund@vssp.com

**Attorneys for Defendants,
Purdue Pharma, L.P.,
Purdue Pharma, Inc.,
The Purdue Frederick Company,
PRA Holdings, Inc.,
The P.F. Laboratories, Inc.,
and Purdue Pharmaceuticals LP**

I further certify that I have mailed by regular U.S. mail, postage prepaid, the foregoing to the following non-CM/ECF participants:

Charles David Ewing
Gardner, Ewing & Souza
1600 Meidinger Tower
462 S Fourth Ave
Louisville, KY 40202

Ruskin C Foster
McCutchen Blanton Johnson & Barnette LLP
1414 Lady Street
PO Box Drawer 11209
Columbia, SC 29211-1209

Carl Frankovich
Frankovich Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062

Scott J Frederick
304 North Second Street
Hamilton, OH 45011

T English McCutchen
McCutchen Blanton Johnson & Barnette LLP
1414 Lady Street
PO Box Drawer 11209
Columbia, SC 29211-1209

Louise Malbin Roselle
Waite, Schneider, Bayless & Chesley Co
Central Trust Tower
Fourth & Vine Streets
Suite 1513
Cincinnati, OH 45202

J Preston Strom
Strom Law Firm LLC
1501 Main Street
Suite 700
Columbia, SC 29201

James Edwin Swaim
Flanagan Lieberman Hoffman & Swaim
318 W Fourth Street
Dayton, OH 45402

s/ Joseph P. Thomas_____
Joseph P. Thomas Bar No. 0040379
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 762-6200; (513) 762-6250 (FAX)
jthomas@ulmer.com

247546