UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JUDY WETHINGTON, *et al.*, : | |
| : | Case No. 1:01cv441 |
| Plaintiffs, : | |
| : | Judge S. Arthur Spiegel |
| v. : | |
| : | |
| PURDUE PHARMA, L.P., *et al.*, : | |
| : | |
| Defendants. : | |

**PURDUE DEFENDANTS' MOTION TO STRIKE EXHIBIT "A" TO PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER (DOC. 124)**

Defendants Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company, Purdue Pharmaceuticals L.P., The P.F. Laboratories, Inc., and PRA Holdings Inc. (collectively, "Purdue") respectfully move that the Court strike Exhibit "A" to Plaintiffs' Reply Memorandum in Support of Motion to Reconsider Order Denying Class Certification (Doc. 124), filed with the Court on December 17, 2003. A memorandum in support is attached.

Respectfully submitted,

s/ David S. Cupps by s/ Daniel J. Buckley
David S. Cupps (0017002)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43216-1008
(614) 464-6400
(614) 464-6350 (Facsimile)
E-mail: dscupps@vssp.com

Attorney for Defendants,
Purdue Pharma L.P., Purdue Pharma Inc.,
The Purdue Frederick Company,
Purdue Pharmaceuticals L.P.,
The P.F. Laboratories, Inc., and PRA Holdings, Inc.

UNITED STATES DISTRICT COURT

-2-

**OF COUNSEL:**
Daniel J. Buckley       (0003772)
Phillip J. Smith        (0062942)
VORYS, SATER, SEYMOUR AND
 PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail: djbuckley@vssp.com
         pjsmith@vssp.com

UNITED STATES DISTRICT COURT            -2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUDY WETHINGTON, *et al.*,                :
                                          :     Case No. 1:01cv441
    Plaintiffs,                       :
                                          :     Judge S. Arthur Spiegel
v.                                        :
                                          :
PURDUE PHARMA, L.P., *et al.*,            :
                                          :
    Defendants.                       :

### MEMORANDUM IN SUPPORT OF PURDUE DEFENDANTS' MOTION TO STRIKE EXHIBIT "A" TO PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER (DOC. 124)

For the third time, Plaintiffs attempt to divert this Court with the unsworn allegations of a complaint filed on behalf of a disgruntled former employee of Purdue Pharma. This submission was improper when Plaintiffs first attempted it two months ago (Doc. 114), it was improper when Plaintiffs submitted it again with their Motion for Reconsideration (Doc. 119, Exhibit B), and it is improper today. That Plaintiffs attempt to use this complaint confirms the lack of evidence in support of their motion for class certification, originally and on reconsideration. The Exhibit is not material to this Court's reasoned conclusion that the Plaintiffs failed to meet the commonality requirement of Rule 23(a)(2).

Exhibit "A" to Plaintiffs' Reply Memorandum is the amended complaint of Dr. Marek Zakrzewski, a former Purdue employee who is suing the company. Plaintiffs twice presented the Court with Dr. Zakrzewski's original complaint. Purdue first moved to strike it because it was inadmissible hearsay of no relevance to the predominance of individual issues which preclude class certification. Purdue again disputed the relevance of the complaint in its Memorandum in Opposition to Plaintiffs' Motion for Reconsideration. *See* Doc. 122 at 4-5. For

the same reasons, Defendants urge this Court to reject submission of Dr. Zakrzewski's amended complaint rehashing the same unsworn allegations. The amended allegations remain inadmissible hearsay under the Federal Rules of Evidence, and they do not alter the overwhelming predominance of individual issues.

The Zakrzewski amended complaint is not evidence and is entitled to no weight in this Court's analysis of class certification. Conclusory allegations in a complaint are inadmissible hearsay. *See Broome v. Dazey Corp.*, 1989 WL 109443, **3 (6th Cir. 1989) (attached as Exhibit 1) (holding that allegations in an out-of-court complaint are hearsay not subject to cross-examination and therefore not admissible for the truth of the matters asserted). The Zakrzewski amended complaint consists exclusively of unsworn, unverified *allegations*. It is not evidence and presents no basis for determining the propriety of class treatment.

Moreover, the Zakrzewski amended complaint does not aid Plaintiffs' cause. The decision of this Court that Plaintiffs failed to demonstrate commonality was correct and is supported by like decisions. *See, e.g., Foister v. Purdue Pharma*, 2002 WL 1008608 (E.D. Ky. 2002).[1] The amended Zakrzewski complaint does nothing to alter this conclusion. Even if the amended complaint supported a conclusion that OxyContin® is easily abused, it would not alter the fundamental truth that "[t]he factual circumstances of addiction are individualized." *Wethington v. Purdue Pharma LP*, 218 F.R.D. 577, 588 (S.D. Ohio 2003) (citing *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529 (N.D. Ill.1998)).

---

[1] Indeed, this Court's decision has received further support. On December 30, 2003, Judge Reeves granted summary judgment in favor of the Purdue defendants and dismissed all claims against them with prejudice. *Foister v. Purdue Pharma*, No. 01-268-DCR (Judgment; Memorandum Opinion and Order, E.D. Ky. Dec. 30, 2003) (attached as Exhibit 2). Judge Reeves concluded that plaintiffs could not demonstrate causation, public policy precluded plaintiffs from recovering in tort based upon their own illegal conduct, the learned intermediary doctrine barred plaintiffs' claims, and many of the claims were barred by the statute of limitations. *Id.* at 16-28.

That Plaintiffs presented Dr. Zakrzewski's original complaint before the Court denied their motion for class certification demonstrates that the Zakrzewski amended complaint is not "newly discovered" evidence.² The premise and allegations of the amended complaint do not materially differ from the original Zakrzewski complaint that Plaintiffs improperly submitted to this Court on September 8, 2003—nearly a month before this Court's order denying class certification. Its addition of certain names of Purdue employees and purported recitation of FDA requirements are in no way subsequent developments in the litigation that warrant reconsideration of the Court's order.

Plaintiffs' inclusion of the amended complaint in a reply memorandum is also inappropriate. Zakrzewski's amended complaint, filed on October 7, 2003, was fully available when Plaintiffs filed their motion for reconsideration and memorandum in support on October 30, 2003. Local Rule 7.2(d) reads in relevant part: "When proof of facts not already of record is necessary to support or oppose a motion, ***all evidence then available shall be discussed in, and submitted no later than, the primary memorandum*** of the party relying upon such evidence." (emphasis added).

---

² Plaintiffs also raise *for the very first time in their reply memorandum* Rule 60(b)(2) as a basis for their motion to reconsider. The raising of new arguments in a reply memorandum is prohibited. Furthermore, Plaintiffs' pursuit of relief under Rule 60(b) would fail.

> The moving party has an extremely difficult burden to overcome before the Court can grant relief under Rule 60(b)(2). *Fertilizer Corp. of India v. IDI Management, Inc.*, 530 F.Supp. 542, 545 (S.D. Ohio 1982). The "evidence 'must be admissible and credible, and must be of such a material and controlling nature as will probably change the outcome, not merely cumulative or tending to impeach or contradict a witness.'" *Id*. (citations omitted); *see also Baynum v. Chesapeake and Ohio Railway Co.*, 456 F.2d 658, 662 (6th Cir.1972). Furthermore, to qualify as "newly discovered," the evidence must pertain to facts that existed at that [sic] the time of the judgment, and could not have been discovered by due diligence. *Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 135, 136 (6th Cir.1990).

*Wilson v. Upjohn Co.*, 808 F.Supp. 1321, 1323 (S.D. Ohio 1992).

This Court has conducted the "rigorous analysis" into whether class treatment of this lawsuit is proper and has concluded that Plaintiffs cannot meet the prerequisites of Rule 23(a): "Liability, in this case … turns on individual determinations." *Wethington*, 218 F.R.D. at 589. The hearsay amended complaint that Plaintiffs seek to submit to this Court does not alter this conclusion. For all these reasons, this Court should strike Exhibit "A" to Plaintiffs' Reply Memorandum.

                                              Respectfully submitted,

                                              s/ David S. Cupps by s/ Daniel J. Buckley
David S. Cupps (0017002)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43216-1008
(614) 464-6400
(614) 464-6350 (Facsimile)
E-mail: dscupps@vssp.com

Attorney for Defendants,
Purdue Pharma L.P., Purdue Pharma Inc.,
The Purdue Frederick Company,
Purdue Pharmaceuticals L.P.,
The P.F. Laboratories, Inc., and PRA Holdings, Inc.

**OF COUNSEL:**
Daniel J. Buckley    (0003772)
Phillip J. Smith    (0062942)
VORYS, SATER, SEYMOUR AND
 PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio 45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail: djbuckley@vssp.com
       pjsmith@vssp.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Stanley Morris Chesley**
stanchesley@wsbclaw.cc

**Terrence Lee Goodman**
terrygooodman@wsbclaw.com

**Renee Ann Infante**
ReneeInfante@wsbclaw.cc

**James F. Keller**
jfk@zgottesmanlaw.com

**Joseph P. Thomas**
jthomas@ulmer.com
tthomson@ulmer.com
csteele@ulmer.com

I further certify that I have mailed by regular U.S. mail, postage prepaid, the foregoing to the following non-CM/ECF participants:

**Carl N. Frankovitch**
**Michael G. Simon**
Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062

**Paul Farrell Strain**
**M. King Hill**
Venable Baetjer & Howard LLP
PO Box 5517
210 Allegheny Avenue
Towson, MD 21204

**Louise Malbin Roselle**
Waite Schneider Bayless & Chesley Co LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

**Shannon Jo Cook**
Ulmer & Berne LLP - 1
2800 Cincinnati Commerce Center
600 Vine Street
Cincinnati, OH 45202-2409

**Charles David Ewing**
Gardner, Ewing & Souza
1600 Meidinger Tower
462 S Fourth Ave
Louisville, KY 40202

**Ruskin C. Foster**
McCutchen Blanton Johnson & Barnette LLP
1414 Lady Street
PO Box Drawer 11209
Columbia, SC 29211-1209

**Scott J. Frederick**
304 North Second Street
Hamilton, OH 45011

**T. English McCutchen**
McCutchen Blanton Johnson & Barnette LLP
1414 Lady Street
PO Box Drawer 11209
Columbia, SC 29211-1209

| | |
|---|---|
| **J. Preston Strom**<br>Strom Law Firm LLC<br>1501 Main Street<br>Suite 700<br>Columbia, SC 29201 | **James Edwin Swaim**<br>Flanagan Lieberman Hoffman & Swaim<br>318 W Fourth Street<br>Dayton, OH 45402 |

s/ Daniel J. Buckley
Daniel J. Buckley (0003772)
 VORYS, SATER, SEYMOUR AND
 PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail: djbuckley@vssp.com