UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JUDY WETHINGTON, et al., | : |
| | :     Case No. C-1-01-441 |
|     Plaintiffs, | : |
| | :     Judge S. Arthur Spiegel |
| v. | : |
| | : |
| PURDUE PHARMA, L.P., et al., | : |
| | : |
|     Defendants. | : |

**PURDUE DEFENDANTS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER**

Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company, Purdue Pharmaceuticals L.P., The P.F. Laboratories Inc., and P.R.A. Holdings, hereby give notice of filing of supplemental authority on the issue of class certification: *Foister v. Purdue Pharma*, No. 01-268-DCR (Judgment; Memorandum Opinion and Order, E.D. Ky. Dec. 30, 2003) (copies attached).

Bringing to conclusion a lawsuit asserting claims essentially identical to those presented in the instant action, and one in which the court found class certification improper,[1] Judge Reeves granted summary judgment in favor of the Purdue defendants on all claims, dismissing the *Foister* action with prejudice. *Foister v. Purdue Pharma*, No. 01-268-DCR (Judgment, Memorandum Opinion and Order, E.D. Ky. Dec. 30, 2003). Reviewing all facts and inferences in the light most favorable to plaintiffs, Judge Reeves concluded that (1) plaintiffs could not demonstrate causation, (2) public policy precluded plaintiffs from recovering in tort based upon their own illegal conduct, (3) the learned intermediary doctrine barred plaintiffs' claims, and (4) many of the claims were barred by the statute of limitations. *Id.* at 16-28.

---

[1]     Judge Reeves denied plaintiffs' motion for class certification on February 26, 2002. *Foister v. Purdue Pharma*, 2002 WL 1008608 (E.D. Ky. 2002).

In considering the Purdue defendants' motions for summary judgment, Judge Reeves looked to the record and found that seven of the eight plaintiffs abused OxyContin®, ignoring warnings provided by Purdue and third-party intermediaries.  *Id.* at 2, *et seq*.  Certain plaintiffs lied to their physicians, or had family members lie to their physicians, about physical ailments in order to obtain OxyContin® prescriptions.  *Id.* at 6.  One plaintiff ignored his doctor's orders and increased his OxyContin® dosage, buying pills illegally.  *Id.* at 7-9.  Several plaintiffs engaged in "doctor shopping" in order to get more prescriptions for the drug.  *Id.* at 9-10.  Another forged an OxyContin® prescription in an attempt to obtain a greater dose of the drug than prescribed.  *Id.* at 9.  Many plaintiffs took OxyContin® concurrently with other prescription or illicit drugs.  Overall, the record was replete with instances of the plaintiffs' intentional misuse, overuse, and alteration of the drug—all this despite plaintiffs' awareness of warnings advising against such misuse.  *Id*. at 18.  Given this factual landscape, Judge Reeves concluded that OxyContin® was not the proximate cause of the injuries alleged by these plaintiffs.  *Id*. at 19.  Citing law from other prescription drug cases, Judge Reeves also held that recovery in such cases is prohibited when the plaintiff has illegally used the drug.  *Id.* at 19-20.

Aside from these issues of causation and illegal drug use, Judge Reeves concluded that the learned intermediary doctrine barred each plaintiff's claims against Purdue.  Emphasizing the portions of the OxyContin® package insert that warned against crushing or dividing the tablets; warned against combining OxyContin® with alcohol, other opioids or illicit drugs; and warned of the possibility of withdrawal symptoms, Judge Reeves found that "***OxyContin's insert clearly set forth the potential dangers of the drug and the best manner in which to minimize those dangers***."  *Id.* at 27 (emphasis added).  Accordingly, "any cause of

action for failure to warn would lie with the physician," the party most closely connected with the patient and most informed about the patient's health. *Id.*

This decision of this Court that Plaintiffs have failed to demonstrate common issues of law or fact was correct and is reinforced by the judgment in *Foister*. Nothing in Plaintiffs' memorandum supporting their motion to reconsider alters the fundamental truth that "[t]he factual circumstances of addiction are individualized." *Wethington v. Purdue Pharma LP*, 218 F.R.D. 577, 588 (S.D. Ohio 2003). That Judge Reeves focused on the individual backgrounds of the *Foister* plaintiffs—namely their history of drug use, the manner in which they obtained OxyContin, the number of doctors from whom they obtained OxyContin®, what those doctors told their patients, the nature of their use or abuse of OxyContin®, and the date upon which the plaintiffs became aware of their alleged injury—underscores the fact that resolution of claims against Purdue must be achieved by analyzing individual issues. In no way could an assessment of these issues occur on a class-wide basis.

Neither have Plaintiffs refuted the reasoned conclusion of this Court that the learned intermediary doctrine trumps Plaintiffs' proposed common issues—a conclusion soundly supported by *Foister*. Judge Reeves found that Purdue's warnings were adequate as a matter of law, echoing this Court's finding "that doctors were adequately warned." *Id*. at 589. Thus, "[e]ven if the patients did not read all of the inserts, their physicians had the ultimate responsibility to do so and to pass that information on to the patients when prescribing OxyContin." *Foister* at 27. In short, not only does *Foister* support a conclusion that individual issues predominate Plaintiffs' claims, it supports this Court's determination that any claims premised on Purdue's conduct are barred by the learned intermediary doctrine.

Accordingly, the Purdue defendants respectfully submit the *Foister* judgment as further support for their request that the Court deny Plaintiffs' motion to reconsider this Court's Order denying class certification.

Respectfully submitted,

s/ David S. Cupps by s/Daniel J. Buckley
David S. Cupps (0017002)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43216-1008
(614) 464-6400
(614) 464-6350 (Facsimile)
E-mail: dscupps@vssp.com

Attorney for Defendants,
Purdue Pharma L.P., Purdue Pharma Inc.,
The Purdue Frederick Company,
Purdue Pharmaceuticals L.P.,
The P.F. Laboratories, Inc., and PRA Holdings, Inc.

**OF COUNSEL:**
Daniel J. Buckley      (0003772)
Phillip J. Smith       (0062942)
VORYS, SATER, SEYMOUR AND
 PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio 45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail: djbuckley@vssp.com
       pjsmith@vssp.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| **Stanley Morris Chesley** <br> stanchesley@wsbclaw.cc | **Terrence Lee Goodman** <br> terrygooodman@wsbclaw.com |
| **Renee Ann Infante** <br> ReneeInfante@wsbclaw.cc | **James F. Keller** <br> jfk@zgottesmanlaw.com |
| **Joseph P. Thomas** <br> jthomas@ulmer.com <br> tthomson@ulmer.com <br> csteele@ulmer.com | |

I further certify that I have mailed by regular U.S. mail, postage prepaid, the foregoing to the following non-CM/ECF participants:

| | |
|---|---|
| **Carl N. Frankovitch** <br> **Michael G. Simon** <br> Frankovitch Anetakis Colantonio & Simon <br> 337 Penco Road <br> Weirton, WV 26062 | **Paul Farrell Strain** <br> **M. King Hill** <br> Venable Baetjer & Howard LLP <br> PO Box 5517 <br> 210 Allegheny Avenue <br> Towson, MD 21204 |
| **Louise Malbin Roselle** <br> Waite Schneider Bayless & Chesley Co LPA <br> 1513 Fourth & Vine Tower <br> One West Fourth Street <br> Cincinnati, OH 45202 | **Shannon Jo Cook** <br> Ulmer & Berne LLP - 1 <br> 2800 Cincinnati Commerce Center <br> 600 Vine Street <br> Cincinnati, OH 45202-2409 |
| **Charles David Ewing** <br> Gardner, Ewing & Souza <br> 1600 Meidinger Tower <br> 462 S Fourth Ave <br> Louisville, KY 40202 | **Ruskin C. Foster** <br> McCutchen Blanton Johnson & Barnette LLP <br> 1414 Lady Street <br> PO Box Drawer 11209 <br> Columbia, SC 29211-1209 |
| **Scott J. Frederick** <br> 304 North Second Street <br> Hamilton, OH 45011 | **T. English McCutchen** <br> McCutchen Blanton Johnson & Barnette LLP <br> 1414 Lady Street <br> PO Box Drawer 11209 <br> Columbia, SC 29211-1209 |

-3-

| | |
|---|---|
| **J. Preston Strom**<br>Strom Law Firm LLC<br>1501 Main Street<br>Suite 700<br>Columbia, SC 29201 | **James Edwin Swaim**<br>Flanagan Lieberman Hoffman & Swaim<br>318 W Fourth Street<br>Dayton, OH 45402 |

s/ Daniel J. Buckley
Daniel J. Buckley (0003772)
 VORYS, SATER, SEYMOUR AND
 PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail: djbuckley@vssp.com

-3-