UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JUDY WETHINGTON, *et al.*, | : |
| | : Case No. 1:01cv441 |
| Plaintiffs, | : |
| | : Judge S. Arthur Spiegel |
| v. | : |
| | : |
| PURDUE PHARMA, L.P., *et al.*, | : |
| | : |
| Defendants. | : |

# PURDUE DEFENDANTS' REPLY MEMORANDUM
# IN SUPPORT OF MOTION TO STRIKE

## PRELIMINARY STATEMENT

Plaintiffs' reliance on the Zakrzewski complaint has been gutted by Zakrzewski's dismissal of that complaint. Accordingly, the Court should dispose quickly of the Plaintiffs' latest submission, grant the Defendants' motion to strike, and deny Plaintiffs' motion for reconsideration.

Zakrzewski aside, nothing in Plaintiffs' recent submission changes the predominating impact of individual issues and the learned intermediary doctrine. Nothing Plaintiffs submit or argue alters this Court's previous analysis that "Plaintiffs' claims are inherently individualized requiring an inquiry into questions of fact and law peculiar to each class member." Wethington v. Purdue Pharma, 218 F.R.D. 577, 590 (S.D. Ohio 2003).

## ZAKRZEWSKI

Attached is the voluntary dismissal that Zakrzewski filed on February 3, 2004 -- *prior* to Plaintiffs' latest submission advising this Court that the lawsuit was proceeding (see

Plaintiffs' Opposition Memorandum in Response to Purdue Defendants' Motion to Strike, fn 1). Nothing can speak more forcefully about the risk of reconsidering an order denying class certification on the basis of unsworn allegations in an amended complaint. Not only were they merely allegations in the first place, now they are not even that.

## GAO REPORT

Plaintiffs selectively attach 4 pages of a 63-page report issued by GAO. On one and a half of those pages the report discusses two promotional videos that were discontinued nearly three years ago, after labeling changes were instituted (additionally, one video was not available until after February 1999, while the second was not available until after 2000 -- both well after the December 1995 trigger date Plaintiffs used to define their proposed class).

Plaintiffs' insistence that isolated statements plucked from the GAO report somehow support their motion to reconsider the denial of class certification is fundamentally flawed. First, there was no finding that Purdue had engaged in any "deceptive conduct" as Plaintiffs argue. While Purdue acknowledged its oversight of not timely submitting the first version of the 1998 video (which video was not made available for distribution to physicians until February 1999), GAO noted that Purdue timely submitted the second version. Likewise, both versions of the 2000 video discussed by GAO were also timely submitted to FDA; although FDA did not review any of the videos for enforcement purposes. Second, and irrespective of whether the 1998 video was timely submitted or whether claims made in the video were or were not substantiated, Plaintiffs' argument that the GAO statements about the video present a basis for this Court to reconsider its denial of class certification is wrong. Not only do Plaintiffs ignore the critical fact that eight of the ten Plaintiffs here were first prescribed OxyContin *before*

*the video was available to be distributed to physicians*[1] (or that GAO stated that only 15,000 copies were distributed to physicians nationwide (representing fewer than 10% of the physicians in Purdue's physician database)), but as this Court noted in Harris v. Purdue Pharma, 218 F.R.D. 590, 596 (S.D. Ohio 2003), the "existence of individual Learned Intermediaries trumps any common marketing issues." In other words, each Plaintiff would have to prove that his or her physician *saw* the defunct video in question prior to prescribing OxyContin to him or her, and was

> "deceived as to the efficacy, danger, or proper use of the drug, or any combination of those three things. Next, Plaintiff would need to demonstrate whether the physician, as a result of the deception, improperly prescribed the drug to an individual patient . Finally, each Plaintiff would have to demonstrate that he or she was injured by an increased risk of addiction, having been improperly prescribed or refilled the medication."

Id. As this Court properly concluded in Harris, "[t]his entire inquiry is highly individualized." Id. Hence, the GAO report provides no basis for Plaintiffs to seek reconsideration of the order denying class certification.

### THE *ENDO* DECISION

Purdue has appealed the Endo[2] decision, which found first that the patents for OxyContin® had been infringed and second, that they were unenforceable due to "inequitable conduct"-- a term of art in patent law -- before the Patent and Trademark Office.[3] Absent from

---

[1] Plaintiffs Sylvia Bingham, David Wethington, Robert Schell, Beverly Schwalm, Karen Eicher, James Thornbury, Ronald Farris and Michael Younger all received their first OxyContin prescriptions in either 1996, 1997 or 1998 -- the video discussed by GAO was not first distributed until February 1999.

[2] Purdue Pharma L.P. v. Endo Pharmaceuticals Inc., No. 01 Civ. 8029, 2004 WL 26523 (S.D.N.Y. Jan. 5, 2004).

[3] Plaintiffs again misstate the law when they advise this Court that the Endo decision "demonstrates that Purdue engaged in fraudulent conduct" or committed an "unconscionable" act. "Inequitable conduct" -- as found by the Endo Court -- is a term that has meaning only within the context of patent law. The Federal Circuit (which sits in review of all patent law decisions) has repeatedly held that a finding of "inequitable conduct" is not the same as a finding of fraud. See e.g., Ulead Sys., Inc.v. Lex Computer & Mgmt. Corp., 351 F.3d 1139, 1144 (Fed. Cir. 2003).

3

Plaintiffs' rendition of what the Endo decision states is the fact that the Endo Court specifically found that Purdue's scientific discovery at issue in the patent infringement action (concerning dosing ranges) was *true* -- "[a]ccordingly, Purdue has proven that the patents in suit adequately control pain for approximately 90% of patients within a four-fold dosage range."  Purdue Pharma v. Endo Pharmaceuticals, No. 01 Civ. 8029, 2004 WL 26523, at *17 (S.D.N.Y Jan. 5, 2004)

With respect to any application to the product liability case at bar here, the Endo opinion has nothing to do with the safety or efficacy of OxyContin® or with FDA approval of it.  No part of the FDA approval process depends on the enforceability of Purdue's patents or statements made to the Patent and Trademark Office.  Moreover, the Endo opinion has nothing to do with information provided physicians -- that has always been grounded in the FDA-approved package insert.  Thus, the patent decision can have no impact on each patient's individual medical, social, family and lifestyle history (including concurrent or previous use of other opioids and prescription pain medications), each doctors' testimony about his or her discussions with each patient, each doctor's individual treatment of the particular patient, or any of the other multitude of individual factors that informed the OxyContin treatment decisions (not to mention whether there was any resulting harm *caused* by the OxyContin treatment) concerning each particular patient.

## CONCLUSION

For the foregoing reasons and those previously stated, the Court should strike Exhibit A and deny Plaintiffs' motion to reconsider.

Respectfully submitted,

<u>s/ David S. Cupps by s/ Daniel J. Buckley</u>
David S. Cupps (0017002)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio  43216-1008
(614) 464-6400
(614) 464-6350 (Facsimile)
E-mail: dscupps@vssp.com

Attorney for Defendants,
Purdue Pharma L.P., Purdue Pharma Inc.,
The Purdue Frederick Company,
Purdue Pharmaceuticals L.P.,
The P.F. Laboratories, Inc., and PRA Holdings, Inc.

**OF COUNSEL:**
Daniel J. Buckley      (0003772)
Phillip J. Smith       (0062942)
Vorys, Sater, Seymour and
 Pease LLP
Suite 2000, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio  45201-0236
(513) 723-4000
(513) 723-4056 (Facsimile)
E-mail: djbuckley@vssp.com
       pjsmith@vssp.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Stanley Morris Chesley**
stanchesley@wsbclaw.cc

**Terrence Lee Goodman**
terrygooodman@wsbclaw.com

**Renee Ann Infante**
ReneeInfante@wsbclaw.cc

**James F. Keller**
jfk@zgottesmanlaw.com

**Joseph P. Thomas**
jthomas@ulmer.com
tthomson@ulmer.com
csteele@ulmer.com

I further certify that I have mailed by regular U.S. mail, postage prepaid, the foregoing to the following non-CM/ECF participants:

**Carl N. Frankovitch**
**Michael G. Simon**
Frankovitch Anetakis Colantonio & Simon
337 Penco Road
Weirton, WV 26062

**Paul Farrell Strain**
**M. King Hill**
Venable Baetjer & Howard LLP
PO Box 5517
210 Allegheny Avenue
Towson, MD 21204

**Louise Malbin Roselle**
Waite Schneider Bayless & Chesley Co LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

**Shannon Jo Cook**
Ulmer & Berne LLP
2800 Cincinnati Commerce Center
600 Vine Street
Cincinnati, OH 45202-2409

**Charles David Ewing**
Gardner, Ewing & Souza
1600 Meidinger Tower
462 S Fourth Ave
Louisville, KY 40202

**Ruskin C. Foster**
McCutchen Blanton Johnson & Barnette LLP
1414 Lady Street
PO Box Drawer 11209
Columbia, SC 29211-1209

**Scott J. Frederick**
304 North Second Street
Hamilton, OH 45011

**T. English McCutchen**
McCutchen Blanton Johnson & Barnette LLP
1414 Lady Street
PO Box Drawer 11209
Columbia, SC 29211-1209

| | |
|---|---|
| **J. Preston Strom**<br>Strom Law Firm LLC<br>1501 Main Street<br>Suite 700<br>Columbia, SC 29201 | **James Edwin Swaim**<br>Flanagan Lieberman Hoffman & Swaim<br>318 W Fourth Street<br>Dayton, OH 45402 |

                                              s/ Daniel J. Buckley
                                        Daniel J. Buckley (0003772)
                                        Vorys, Sater, Seymour and Pease LLP
                                        Suite 2000, Atrium Two
                                        221 East Fourth Street
                                        P.O. Box 0236
                                        Cincinnati, Ohio 45201-0236
                                        (513) 723-4000
                                        (513) 723-4056 (Facsimile)
                                        E-mail: djbuckley@vssp.com

02/09/2004 - 474969

| FACSIMILE FILING COVER SHEET | | CONNECTICUT JUDICIAL BRANCH SUPERIOR COURT |
|---|---|---|
| JD-CL-73 New 11-01 | **INSTRUCTIONS** | www.jud.state.ct.us |

1. See back/page 2 for Procedures and Technical Standards for Electronic Filing.
2. Type or print legibly. One cover sheet must be submitted per document.
3. Do not fax back/page 2 of this form to the court.
4. The filing party shall retain the signed copy of the pleading, document or other paper during the pendency of the action, any appeal period and any applicable appellate process.
5. The transmission record of each filing shall be the filing party's confirmation of receipt by the Court. Please **do not** call the Clerk's Office to confirm receipt.

RECEIVED BY FACSIMILE
2004 FEB -3 P 4:31
FISH & NEAVE
REFERRED TO LAC
NOTED BY LAC

**TO: The below-named Superior Court.**

☒ Judicial District at: Danbury
☐ Housing Session at:
☐ Small Claims Area at:
☐ Geographical Area No.:
☐ Juvenile Matters at:
☐ Child Protection Session at Middletown

FAX NO. OF ABOVE COURT: 203-207-8642
DOCKET NO.: CV-03-0349856 S
(Include prefix: e.g., CI, CP, CR, CV, FA, HC, JV, MI, MV, SC, SP)
TITLE OF DOCUMENT FAXED: Withdrawal
NUMBER OF PAGES: 3
(Unless otherwise directed by the court, documents shall not exceed 20 pages (including cover sheet).)

The filing party assumes the risk of incomplete transmission or other factors that result in the document not being accepted for filing.

**FROM:**
NAME: Victoria de Toledo
DATE: 2/3/04
TELEPHONE NO.: (203) 325-8600
FAX NO.: (203) 323-5970

cc: Margaret Strange
860-247-1330
Larry Coury
212-596-9090

**TO BE COMPLETED BY THE COURT ONLY**

The document was not filed by the clerk's office for the following reason(s):
☐ The document is not in compliance with procedures and technical standards established by the Office of the Chief Court Administrator. See the Judicial Branch procedure at www.jud.state.ct.us.
☐ The document exceeds the 20-page limit.
☐ The document is: ☐ incomplete. ☐ illegible.
☐ The document was not accompanied by the required fax cover sheet.
☐ The document was faxed to the wrong court.
☐ Other _____

Pursuant to the Procedures and Technical Standards for Electronic Filing established by the Office of the Chief Court Administrator, such documents will not be returned by the clerk.

FROM (Print name and title): _____  DATE: _____

The information contained in this facsimile message may be privileged and confidential and is intended only for the use of the individual or entity named above. If the reader of this is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the sender immediately.

**WITHDRAWAL**
JD-CV-41 Rev. 10-01

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

DOCKET NO. CV-03-0349856 S
RETURN DATE

COMPLETE ALL SECTIONS BELOW

NAME OF CASE (FIRST-NAMED PLAINTIFF VS. FIRST-NAMED DEFENDANT)
Zakrzewski v. Purdue Pharma et al.

[X] Judicial District  [ ] Housing Session  [ ] G.A. No. ____
ADDRESS OF COURT (No., street, town and zip code): 146 White Street, Danbury, CT 06810

**SECTION I** (check only one box) THIS WITHDRAWAL IS BEING FILED BECAUSE THE DISPUTE HAS BEEN RESOLVED BY:

**I. COURT-ANNEXED ADR**
- 411088 [ ] Early Intervention
- 411089 [ ] Early Neutral Evaluation
- 411090 [ ] Attorney Trial Referee
- 411091 [ ] Fact-Finding
- 411093 [ ] Arbitration
- 411094 [ ] Mediation
- 411095 [ ] Special Masters
- 411096 [ ] Summary Jury Trial

**II. COURT INTERVENTION**
- 411098 [ ] Pretrial Conference
- 411099 [ ] Trial Management Conference
- 411100 [ ] Commencement of Trial (court trial - first witness sworn; jury trial - trial jurors sworn)

**III. PRIVATE ADR**
- 411102 [ ] Provider Name: ____

**IV. OTHER**
- 411103 [ ] Discussion of Parties on Their Own
- 415602 [X] Unilateral Action of Party(ies)

**SECTION II — WITHDRAWAL**

(Do not check the following two boxes if any intervening complaints, cross complaints, counterclaims, or third party complaints remain pending in this case. See below for partial withdrawal of action.)

— — — — — — — — — — — — DISPOSITIVE — — — — — — — — — — — —

(WDACT) [X] The Plaintiff's action is WITHDRAWN AS TO ALL DEFENDANTS without costs to any party.
(WOARD) [ ] A judgment has been rendered against Defendant(s): ____
and the Plaintiff's action is WITHDRAWN AS TO ALL REMAINING DEFENDANTS without costs.

— — — — — — — — — — — — PARTIAL — — — — — — — — — — — —

The
- (WDCOMP) [ ] Complaint
- (WDCOUNT) [ ] Counts of the complaint: ____
- (WDINTCO) [ ] Intervening Complaint
- (WDTHPC) [ ] Third Party Complaint
- (WAPPCOM) [ ] Apportionment Complaint
- (WDCC) [ ] Cross Complaint (cross claim)
- (WOC) [ ] Counterclaim
- (WOAAP) [ ] Plaintiff(s): ____
- (WOAAD) [ ] Complaint against defendant(s): ____  only w/o costs
- [ ] Other: ____

in the above entitled action is withdrawn.

SIGNATURE REQUIRED

Plaintiff: Marek Zakrzewski ; By /s/ Victoria de Toledo — Attorney
Plaintiff: ____ ; By ____ — Attorney
Defendant: ____ ; By ____ — Attorney
Defendant: ____ ; By ____ — Attorney

NAME & ADDRESS OF SIGNER: ➤ Victoria de Toledo, Casper & de Toledo, 1458 Bedford Street, Stamford, CT 06905

**SECTION III — CERTIFICATION**

I hereby certify that a copy was mailed/delivered to all counsel and pro se parties of record on:
DATE: 2/3/04
SIGNED (Individual attorney or pro se party): X /s/
PHONE NO. (Area code first): (203) 325-8600

NAME OF EACH PARTY SERVED: See attached.
ADDRESS AT WHICH SERVICE WAS MADE: ____

* If necessary, attach additional sheet with names of each party served and the address at which service was made.

## CERTIFICATION

This is to certify that on this 3rd day of February 2004, a copy of the foregoing was sent via regular mail to the following:

Margaret L. Strange
Jackson Lewis LLP
55 Farmington Ave.
Suite 1200
Hartford, CT 06105-3789

Larry Coury
Fish & Neave
1251 Avenue of the Americas
#C3
New York, NY 10020

_____
Victoria de Toledo